# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROGARIUS BRAY, | ] |
| Petitioner, | ] |
| vs. | ] CIVIL ACTION NO. 05-RRA-0119-S |
| WARDEN JAMES DELOACH and THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ] |
| Respondents. | ] |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Rogarius Bray, was convicted on November 19, 2002, in the Circuit Court of Jefferson County, of first degree robbery and felony murder. He was sentenced on January 17, 2003, to concurrent terms of imprisonment for life.

On direct appeal, Bray claimed that:

1. the trial court erred in denying his motion to suppress his videotaped statement because the statement was involuntary in that it was obtained by coercive tactics of the police; and

2. the trial court erred in denying his motion to sever his robbery case from the murder case.

The Alabama Court of Criminal Appeals affirmed his conviction and sentence in a memorandum opinion issued on June 20, 2003. *Bray v. State*, 880 So.2d 512 (Ala. Crim. App. 2003)(table). On August 22, 2003, the Alabama Court of Criminal Appeals overruled Bray's application for rehearing, but extended its previous memorandum to further address his coerced statement claim. *Bray v. State*,

886 So.2d 182 (Ala. Crim. App. 2003)(table). The Alabama Supreme Court denied Bray's petition for a writ of certiorari and issued a certificate of judgment on January 16, 2004. *Ex parte Bray*, 899 So.2d 314 (Ala. 2004)(table). Bray has now filed a petition for a writ of habeas corpus in this court. In support of his petition, Bray raises the same claims he raised on direct appeal:

> 1. the trial court erred in denying his motion to suppress his videotaped statement because the statement was involuntary in that it was obtained by coercive tactics of the police; and

> 2. the trial court erred in denying his motion to sever his robbery case from the murder case.

In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. Bray has filed nothing in response to the motion for summary judgment.

## **COERCED STATEMENT**

Bray raised his coerced statement claim on direct appeal and the Alabama Court of Criminal Appeals found that "[l]ooking at the totality of the circumstances, we find that Bray's waiving his right to have a lawyer present and his subsequent confession were not the result of coercion." Because Bray filed this petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), amending § 2254, the claims must be evaluated according to the standards as amended by the Act. *Lindh v. Murphy*, 117 S. Ct. 2059, 2063 (1997). Amended § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

> claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, the petitioner can obtain relief on these claims only if he can establish that the Alabama Court of Criminal Appeals' adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)and (2). *See Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *cert. denied*, 119 S. Ct. 811 (1999); *Schlager v. Washington*, 113 F.3d 763, 768 (7th Cir. 1997); *Hodges v. Hawes*, 955 F. Supp. 958, 964 (N.D. Ill. 1997).

The petitioner makes no argument that the Alabama Court of Criminal Appeals' adjudication of the coerced confession claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Further, the court concludes that the Alabama Court of Criminal Appeals' adjudication of the coerced confession claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, and that the decision was not based on unreasonable determinations of the facts in light of the evidence presented in the state court proceedings. Thus, the petitioner's coerced statement claim is due to be DISMISSED.

## **PROCEDURAL DEFAULT**

Bray's claim that the trial court erred in denying his motion to sever is barred by procedural default. Bray presented the claim to the Alabama Court of Criminal Appeals and the court found that it was procedurally barred. The Eleventh Circuit Court of Appeals has addressed claims that have been presented to a state court and held to be barred as follows:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner*s claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, *Harris v. Reed*, 489 U.S. 255, 263 (1989), and that bar provides an adequate and independent state ground for denying relief. *See Id.* at 262; *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988). The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, see *Presnell v. Kemp*, 835 F.2d 1567, 1578-79 (11th Cir. 1988), *cert. denied*, 488 U.S. 1050 (1989), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." *McCleskey v. Zant*, __ U.S. __, __, 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991).

*Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). Thus, if a claim has been previously presented in some form to a state court, a federal habeas court may refuse to hear that claim only if the last state court rendering the judgment "clearly and expressly" stated that its judgment was based on procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

The Alabama Court of Criminal Appeals was the last state court to render judgment on this claim. In its opinion, the Alabama Court of Criminal Appeals clearly and specifically held that the claim was procedurally barred, because his motion to sever was not timely filed in the trial court. The court concludes that it is clear from the record that the last state court to review the petitioner's claim "clearly and expressly" stated that its judgments rested on procedural bars, which were

independent and adequate under state law. *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir. 1990). Therefore, his severance claim is procedurally barred and it is due to be DISMISSED.

    An appropriate order will be entered.

    Done this 19th day of December, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE